**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ERIN C. MEDOVICH,**

                      **Plaintiff,**                     3:13-cv-1244
                                                                     (GLS/ESH)

                           v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security
Administration,

                      **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Foster Law Office | JONATHAN P. FOSTER, ESQ. |
| 2268 Elmira Street | |
| P.O. Box 400 | |
| Sayre, PA 18840 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | MONIKA K. CRAWFORD |
| United States Attorney | Special Assistant U.S. Attorney |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I.  Introduction

Plaintiff Erin C. Medovich challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking review under 42 U.S.C. § 405(g).  (Compl., Dkt. No. 1.)  In a Report and Recommendation (R&R) filed January 16, 2015, Magistrate Judge Earl S. Hines recommended that the Commissioner's decision be affirmed.  (Dkt. No. 16.)  Pending are Medovich's objections to the R&R.  (Dkt. No. 17.)  For the reasons stated below, the court adopts the R&R in its entirety.

## II.  Background[1]

On January 27, 2011, Medovich filed an application for DIB under the Social Security Act.  (Tr.[2] at 89, 111-19.)  After her application was denied, Medovich requested a hearing before an Administrative Law Judge (ALJ), which was held on May 16, 2012.  (*Id.* at 44-76, 90-94, 95-96.)  On June 8, 2012, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*Id.* at 1-4, 8-25.)

Medovich commenced the present action by filing a complaint on

---

[1] The court incorporates the factual recitations of the parties and Judge Hines.  (*See generally* Dkt. Nos. 12, 13, 16.)

[2] Page references preceded by "Tr." are to the Administrative Transcript.  (Dkt. No. 10.)

2

October 4, 2013, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hines issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* Dkt. No. 16.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. **Discussion**

In the R&R, Magistrate Judge Hines found that the ALJ: (1) adequately developed the administrative record; (2) did not err in weighing the medical opinions of record; (3) rendered a residual functional capacity (RFC) assessment that appropriately accounted for all of Medovich's limitations; (4) provided good reasons, supported by substantial evidence, for his credibility determination; and, (5) appropriately relied on the testimony of a vocational expert (VE) at step five of the sequential evaluation. (Dkt. No. 16 at 5-27.) Medovich purports to object to the R&R on four grounds. (*See generally* Dkt. No. 17.) In particular, Medovich objects to Judge Hines': (1) failure to give significance, properly consider, and explain his reasoning for rejecting the opinion of consulting examiner Deryck Brown; (2) failure to find that the ALJ erred in his presentation of an incomplete hypothetical to the VE and failing to sustain his burden of identifying other work which Medovich could perform; (3) conclusion that the ALJ fulfilled his obligation to adequately developed the record; and (4) finding that there was substantial evidence[3] to support the Commissioner's

---

[3] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted). Stated another way, "[i]f evidence is susceptible to more than one rational interpretation, the Commissioner's

decision. (*Id.* at 8-21.) The substance of the first three arguments, however, was previously raised in Medovich's brief and considered and rejected by Judge Hines. (Dkt. No. 12 at 9-18; Dkt. No. 16 at 5-28.) These "objections," therefore, are general and do not warrant *de novo* review. *See Almonte*, 2006 WL 149049 at *4. Medovich's argument with respect to substantial evidence supporting the Commissioner's decision, on the other hand, contains specific legal objections to Judge Hines' conclusions, and the court will review this objection to the R&R *de novo*.

## A. RFC Determination

In his R&R, Judge Hines concluded that the ALJ's RFC determination[4] appropriately accounted for all of Medovich's limitations established by the evidence. (Dkt. No. 16 at 9-24.) Medovich contends that this conclusion was in error because the report of neurologist Priyantha Herath[5] was "totally contradictory" to the treatment records of

---

conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014); *see Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

[4] The ALJ determined that, through her last insured date, Medovich retained the RFC to perform light work that did not require climbing, or exposure to temperature extremes, high humidity, unprotected heights or dangerous machinery. (Tr. at 15.) The ALJ also found that Medovich was limited to simple, repetitive tasks, involving simple judgment. (*Id.*)

[5] Dr. Herath treated Medovich on one occasion, after she suffered "a frontal and a cerebellar acute stroke," and opined that "functionally she is not disabled at all," and experiences no neurological symptoms. (Tr. at 285-87.)

5

treating family practitioner Himanshu Paliwal. (Dkt. No. 17 at 18.) Moreover, Medovich argues that the opinions of Dr. Herath and non-examining medical consultant Anne Zaydon[6] are not sufficient to constitute substantial evidence. (*Id.* at 20-21.) Finally, Medovich claims that, contrary to Judge Hines' decision, the opinion of consulting examiner Brown included limitations inconsistent with the ALJ's RFC determination. (*Id.* at 19.)

After reviewing the administrative record, the court concludes that the opinion of Dr. Herath was consistent with the treatment notes of Dr. Paliwal. Specifically, although on November 9, 2009 Dr. Paliwal noted that Medovich had an abnormal cerebellar exam, abnormal coordination, and grip strength weaker on the left than right side, shortly thereafter Dr. Paliwal reported that Medovich's grip strength was improving with physical therapy and her physical examination, including coordination, was normal. (Tr. at 279-81, 288-90.) Subsequently, Dr. Paliwal noted that Medovich had "recovered from the stroke except for some difficulty in fine motor

---

[6] Dr. Zaydon opined that Medovich can frequently lift twenty-five pounds, stand and/or walk six hours in an eight-hour day, and sit for six hours in an eight-hour day. (Tr. at 83.) According to Dr. Zaydon, Medovich could occasionally climb stairs, never climb ladders or scaffolds, and occasionally crouch or crawl. (*Id.*) Dr. Zaydon also recommended that Medovich avoid concentrated exposure to extreme temperatures, wetness, humidity, and respiratory irritants as well as avoid exposure to hazards. (*Id.* at 84.)

6

function of left fingers."  (*Id.* at 264.)  Further, contrary to Medovich's argument, the opinions of non-examining State agency medical consultants can constitute substantial evidence to support an ALJ's RFC determination, since such consultants are deemed to be qualified experts in the field of social security disability.  *See Baszto v. Astrue*, 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010); *see also Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995) (noting that the applicable regulations "permit the opinions of non-examining sources to override treating sources' opinions provided they are supported by evidence in the record"); *Florez v. Apfel*, No. CV 97-3052, 1998 WL 760334, at *6-7 (E.D.N.Y. Aug. 31, 1998) ("Given that [the medical expert's] opinions are supported by the record, and [the treating physician's] opinion that the [claimant] was disabled is not, the ALJ was free to find the non-examining expert's testimony persuasive.").

Given the opinions of Drs. Herath and Zaydon as well as the treatment records of Dr. Paliwal, the ALJ's RFC determination is supported by substantial evidence.  While Medovich contends that the opinion of consulting examiner Brown that Medovich can stand or walk for only three

hours at a time is inconsistent with the requirements of light work,[7] (Dkt. No. 16 at 16-17; Dkt. No. 17 at 19), a closer reading of Dr. Brown's report reveals that he opined that Medovich suffered no limits in her ability to stand or walk, as the ability to stand and walk for three hours at a time was within normal limits. (Tr. at 331.) Medovich also argues that the ALJ's finding that Medovich could only perform light work did not adequately account for her left-side weakness. (Dkt. No. 17 at 19.) However, at the administrative hearing, the VE explicitly testified to jobs which Medovich could perform if she was able to handle objects with her non-dominant left hand on only an occasional basis. (Tr. at 71-72.) The ALJ relied on the VE's testimony to determine, at step five of the sequential evaluation, that there were jobs existing in significant numbers in the national economy through Medovich's last insured date that she could perform. (*Id.* at 21.) Thus, the ALJ's failure to explicitly include a limitation in his RFC determination with respect to Medovich's left side weakness is, at most, harmless error. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("Where application of the correct legal standard could lead to only one

---

[7] Light work requires lifting no more than twenty pounds at a time with frequent lifting or carrying of up to ten pounds. *See* 20 C.F.R. § 404.1567(b). Further, "the full range of light work requires standing or walking, off and on, for a total of approximately [six] hours of an [eight]-hour workday." SSR 83-10, 1983 WL 31251, at *6 (1983).

conclusion, we need not remand." (citation omitted)).

B. **Remaining Findings and Conclusions**

As to the remainder of Medovich's objections, the court, having carefully reviewed the record, finds no clear error in the R&R and accepts and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Earl S. Hines' January 16, 2015 Report and Recommendation (Dkt. No. 16) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Medovich's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 23, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

9